**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRAVIS SHAWN HUDSON,

　　　　　Petitioner - Appellant,

v.

L. L. YOUNG, Warden, and THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

　　　　　Respondents - Appellees.

Nos. 01-6427, 02-6231,
02-6240 & 02-6292
D.C. No. CIV-00-948-T
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

　　　　After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

　　　　[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

These are four *pro se* 28 U.S.C. § 2254 appeals based on the same district court case by a state prisoner that have been consolidated for appeal.[1]  Mr. Hudson was convicted of robbery with a firearm, possession of a firearm after former conviction of a felony, and first degree burglary.  Following sentencing, Mr. Hudson filed a direct appeal in the Oklahoma Court of Criminal Appeals.  That court denied relief.  Mr. Hudson's application for post-conviction relief in the state court was also denied.  In his initial federal habeas petition, Mr. Hudson alleged that (1) he had been denied due process and equal protection because of the state court's failure to provide him with a copy of the trial record, (2) he was denied the effective assistance of appellate counsel, and (3) he was entitled to an evidentiary hearing to establish two ineffective assistance of counsel claims.  The district court dismissed Mr. Hudson's petition on the merits (which is the basis of appeal No. 01-6427), but granted him leave to file a supplemental brief in which he could raise a new claim.

In his subsequent brief, Mr. Hudson alleged that one of his sentences was incorrect in that it did not reflect the state court's order that the sentence run

_____

[1]In an Order of this court dated August 6, 2002, which consolidated these four appeals, we raised a jurisdictional issue as to whether the claims underlying Mr. Hudson's first appeal (filed on November 29, 2001) remained unadjudicated. That appeal ripened on July 8, 2002, when the remaining claim was denied.  On July 19, 2002, he filed a new appeal.  As the claim is now ripe, this court has appellate jurisdiction.

concurrent with his other sentences.  The district court dismissed this second petition on the merits since the state court appears to have corrected the sentencing error (this denial is the basis of appeal No. 02-6231).

The district court then denied Mr. Hudson's "Motion Requesting District Judge to Review Entire Record *De Novo*," which the district court treated as a request for a new trial under Fed. R. Civ. P. 59(a).  The district court found no authority cited in Mr. Hudson's request and denied the motion (this denial is the basis of appeal No. 02-6240).  Finally, Mr. Hudson sought a certificate of appealability from the district court, which request the court denied (the basis of appeal No. 02-6292).

A prisoner bringing claims under either § 2254 or § 2241 must be granted a certificate of appealability prior to being heard on the merits.  This requirement applies to each of Mr. Hudson's four appeals.  In order for this court to grant a certificate of appealability, Petitioner "must make a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

We have carefully reviewed Mr. Hudson's briefs, the district court's

dispositions, and the record on appeal.  Nothing in the facts, the record on appeal, or Petitioner's briefs raise an issue which meets our standards for the grant of a certificate of appealability with respect to any of the claims he has raised.  For substantially the same reasons as set forth by the district court in its Orders of November 14, 2001, July 8, 2002, July 19, 2002, and August 30, 2002, we cannot say that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner."  Id.

The application for a issuance of a certificate of appealability is **DENIED**.  The motion for leave to proceed *in forma pauperis* is **GRANTED**.  The appeal is **DISMISSED**.

Entered for the Court


Monroe G. McKay
Circuit Judge